## NOTICE CONCERNING WAIVER OF JUDICIAL DISQUALIFICATION

FROM:   Scott Poff, Clerk of Court
        Southern District of Georgia

TO:     James L. Drake, Paul G. Jennings, and Russell E. Stair, Counsel for Plaintiff;
        Jason M. Tate and Thomas R. Walker, Counsel for Defendant

RE:     Robert H. Barnett v. Kings Point Property Owners Association, Inc., 2:16-cv-46

Pursuant to Canon 3(C) of the Code of Conduct for United States Judges requires a judge to disqualify himself "in a proceeding in which the judge's impartiality might reasonably be questioned[.]" However, under Canon 3(D) of the Code of Conduct, the disqualified judge may participate in the proceeding if all the parties and lawyers, after notice of the basis for disqualification, have an opportunity to confer outside the judge's presence and all agree in writing or on the record to waive the disqualification independent of the judge's participation.

Unless a waiver is obtained from all parties and all counsel, United States Magistrate Judge Benjamin W. Cheesbro intends to disqualify himself in this proceeding based on the following circumstances. The Court set this case for mediation on September 12, 2018. (Doc. 50). United States Magistrate Judge Brian K. Epps ordered that Judge Cheesbro would preside over the mediation in Brunswick, Georgia. (Doc. 51). On October 23, 2018, Judge Cheesbro conducted mediation between the parties. Jeffrey B. Rentz of the law firm of Williams, Rentz & Moulton, P.C. was present during the mediation. Although Mr. Rentz is not listed as counsel in this case, and this case is not assigned to Judge Cheesbro as the referral Magistrate Judge, Judge Cheesbro discloses that Mr. Rentz conducted the closing on residential property for Judge Cheesbro on November 2, 2018.

If you and your client(s) wish to waive Judge Cheesbro's disqualification, a letter to that effect from you and from your client(s) must be sent to me within five (5) days of the date of this

Notice. A sample letter is attached for your convenience. The letter should be signed and submitted by the attorney of record only after consultation with all of his or her clients in the above-styled and numbered cause of action. The letters should not be sent to Judge Cheesbro and copies should not be sent to other counsel. **DO NOT E-FILE YOUR LETTER(S). SUBMIT DIRECTLY TO THE CLERK OF COURT.** If all parties submit such letters waiving disqualification, this Notice and all responses will be made part of the record, as required by Canon 3(D), and Judge Cheesbro will continue participation in the proceeding. If a waiver is not received on behalf of all parties and their respective counsel, this Notice and any responses will be kept under seal by the Clerk of Court and not shown to Judge Cheesbro, nor will Judge Cheesbro be informed of the identity of any party or lawyer who declined to waive the disqualification. If the disqualification is not waived, another judge will continue the mediation in this case.

This 2nd day of November, 2018.

_Scott L. Poff_
SCOTT L. POFF, CLERK OF COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

[DATE]

Mr. Scott L. Poff, Clerk of Court
United States District Court for the
Southern District of Georgia
801 Gloucester Street
Brunswick, Georgia 31520

    RE:    Case Name_____, Case No. _____

Dear Mr. Poff,

    I have consulted with my client, _____, regarding the Notice that Judge Cheesbro intends to disqualify himself in this case because his impartiality might reasonably be questioned. My client waives this disqualification and is willing to proceed with Judge Cheesbro conducting the mediation in this case.

    I submit this letter to the Clerk of Court but not to Judge Cheesbro, other counsel of record, or the other parties. See Canon 3(D), Code of Conduct for United States Judges.

                                Sincerely,

                                /S/

                                Attorney of Record for _____
                                (Party's Name)